

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-87,467-01

### EX PARTE CHARLES WILLIAM DOSS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W12-58147-Y(A) IN THE NO. 7 DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.  ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of continuous sexual abuse of a child under fourteen years of age and sentenced to imprisonment for life.  The Fifth Court of Appeals affirmed his conviction.  *Doss v. State*, No. 05-13-00373-CR (Tex. App.—Dallas May 28, 2014)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to investigate a potential for an insanity defense, failed to present a viable defense readily

available from Applicant's medical records that would have shown that Applicant could not copulate and thus did not possess the physical capacity to commit the criminal elements alleged in the indictment, failed to raise Applicant's insanity pretrial or use it at a trial as an affirmative defense to prosecution, failed to raise the issue of Applicant's competency to stand trial, failed to disclose discovery material to Applicant during the pretrial phase, and, failed to object to Applicant's visible leg shackles during the proceedings.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the State offered Applicant a plea bargain prior to trial and whether counsel erroneously advised Applicant to reject the offer. The trial court shall also make findings of fact and conclusions of law as to whether or not Applicant was visibly shackled, and if so, the trial court's justification for the restraints. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 18, 2017
Do not publish